UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY JAIL CLASSIFICATION AND ADMINISTRATION OFFICE, MARK LINDQUIST, G PERO, MASKO, ALEXANDER, C JAMES, T M DONALD, ROBERT M QUILLIAN,<br><br>        Defendants. | CASE NO. 3:16-CV-05044-BHS-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

Plaintiff Ray Charles Harris, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983 ("§ 1983"). Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by March 17, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, a pretrial detainee currently housed at the Pierce County Jail ("the Jail"), alleges Defendants violated his constitutional rights by (1) denying him access to the Jail grievance process and (2) denying him access to the courts. Dkt. 7, pp. 3-4. Plaintiff contends he was

ORDER TO SHOW CAUSE OR AMEND - 1

denied access to the courts when he was not given access to the Jail legal computers. *Id.* at p. 4. As a result, Plaintiff was unable to properly prepare a strategy and/or file motions or other legal filings before a continuance hearing in his criminal case, leading to a 38-day continuance of Plaintiff's trial. *Id.* at pp. 4-5.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.  **Access to Grievance Process**

Plaintiff alleges Defendants Sergeant Pero, Lieutenant James, and Undersheriff Masko denied Plaintiff access to the grievance process by denying grievances or failing to provide

grievance forms. Dkt. 7, pp. 3-4. A prisoner plaintiff does not have a constitutional right to a grievance process, and therefore a claim alleging denial of access to the grievance process fails to state a claim. *See Ramirez v. Galaza*, 334 F.3d 8550, 860 (9th Cir. 2003) (finding a prisoner did not have a claim for a loss of liberty regarding the processing of his grievances because inmates lack a separate constitutional entitlement to a specific grievance procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (a prisoner does not have a claim for entitlement to a grievance procedure). As there is no § 1983 claim for failure to provide access to a grievance process, Plaintiff cannot state a claim for which relief can be granted against Defendants Pero, James, and Masko for their failure respond to grievances or provide grievance forms.

**B.     Access to Courts**

Plaintiff alleges his constitutional rights were violated when he was denied access to the Jail's legal computers. Dkt. 7. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish he suffered an actual injury, Plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct

1  criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (*quoting Lewis*, 518 U.S. at 353 & n. 4).

Plaintiff has not alleged any actual injury in his Complaint. At most, he has alleged he did not submit any filings prior to a continuance hearing in his criminal trial. *See* Dkt. 7, pp. 4-5. He does not allege he was required to file any pleadings with the court prior to the hearing or missed a filing deadline. *See id.* While the trial was continued 38 days, Plaintiff has not explained how he was harmed by the continuance. *See id.* The Complaint fails to allege facts showing Plaintiff had a legal claim frustrated by Defendants' actions. *See Exmundo v. Kevorkian*, 2009 WL 3416236, *3 (E.D. Cal. Oct. 22, 2009) (holding litigating a case effectively is not a constitutionally protected right, and finding the plaintiff did not state an access claim when he alleged he had to secure extensions and speculated the outcome of a case may have been different had he been able to litigate more effectively).

In addition to failing to allege an injury, Plaintiff fails to allege facts showing how each Defendant proximately caused the alleged constitutional violations. *See* Dkt. 7. To state a claim under § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious

liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff names the following individuals as Defendants in this case: Sergeant Pero, Undersheriff Masko, Sergeant Alexander, Lieutenant James, T.M. Donald, Attorney Robert M. Quillian,[1] and Mark Lindquist. *See* Dkt. 7. While the factual summary contained in the Complaint identifies the listed Defendants, Plaintiff fails to clearly state the alleged wrong-doing of each Defendant. *See id.* He alleges sweeping conclusory allegations against Defendants, and therefore has failed to show how each Defendant personally participated in the alleged constitutional violations.

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's right of access to the courts.

**C.**     **Claim Against Prosecutor Mark Lindquist**

Plaintiff alleges Defendant Mark Lindquist, the Pierce County Prosecutor, conspired to stop mail from leaving the Jail, which violated Plaintiff's right of access to the courts. Dkt. 7, p. 5. As discussed above, Plaintiff has not shown how Defendant Lindquist personally participated in the alleged constitutional violations. Furthermore, prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986)(*citing Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged

---

[1] The Complaint states Judge Jack Nevin appointed Defendant Quillian as "standby counsel" for Plaintiff after Plaintiff moved to proceed *pro se* in his criminal case. Dkt. 7, p. 3.

defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*, 424 U.S. at 427).

Under 28 U.S.C. §1915(e)(2)(B) and § 1915A(b), the Court shall dismiss the case if the Court determines the action seeks monetary relief against a defendant who is immune from such relief. As Defendant Lindquist has absolute immunity from monetary damages, Plaintiff must show why claims for monetary relief against Defendant Lindquist should not be dismissed.

**D.    Claim Against Attorney Robert M. Quillian**

In his Complaint, Plaintiff also alleges Defendant Attorney Robert M. Quillian is liable under § 1983 for failing to withdraw as defense counsel in Plaintiff's criminal case. Dkt. 7, p. 5. Because Defendant Quillian has not withdrawn, Plaintiff allegedly has had difficulty obtaining his legal documents and has been denied access to the courts. *Id.*

To state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Here, Plaintiff alleges Defendant Quillian, in his position as Plaintiff's attorney, is liable under § 1983. As Defendant Quillian is not a state actor and therefore cannot be liable under § 1983, Plaintiff must show cause why Defendant Quillian should not be dismissed for failure to state a claim.

**E.    Claim Against Pierce County Jail Classification and Administration Office**

Plaintiff names Pierce County Jail Classification and Administration Office as a Defendant in this action. Dkt. 7. However, he fails to allege any claims against this Defendant. *See id*. If Plaintiff wishes to sue the members of the Jail Classification and Administration

1 Office, he must identify each individual office member as a defendant and identify the actions 2 taken by each office member which resulted in a violation of his constitutional rights.

3 If Plaintiff is attempting to sue the Jail, the Court notes the Jail is not a legal entity 4 capable of being sued under § 1983. Rather, Pierce County, a municipality, would be the proper 5 Defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 6 2018, 56 L.Ed.2d 611 (1978); *Nolan v. Snohomish County*, 59 Wash.App. 876, 882 (1990); *Patu 7 v. Pierce County Jail*, 2015 WL 3949355, *3 (W.D. Wash. June 29, 2015). To set forth a claim 8 against a municipality, a plaintiff must show the defendant's employees or agents acted through 9 an official custom, pattern, or policy permitting deliberate indifference to, or violating, the 10 plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff 11 must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the 12 policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy 13 is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 14 1474 (9th Cir. 1992).

15 Plaintiff has not named Pierce County as a defendant or alleged facts against Pierce 16 County showing it is liable. For example, Plaintiff does not identify a policy, custom, or pattern 17 implemented by Pierce County which resulted in the depravation of his constitutional right. If 18 Plaintiff seeks to sue Pierce County, he must allege facts sufficient to meet the required elements 19 of a claim against a municipality and show Pierce County violated his constitutional rights.

20 **F.     Instructions to Plaintiff and Clerk**

21 If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an 22 amended complaint and within the amended complaint, he must write a short, plain statement 23 telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

24

ORDER TO SHOW CAUSE OR AMEND - 7

person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before March 17, 2016, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 16th day of February, 2016.

*[signature]*

David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND - 8