UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CHARLES HARRIS,

    Plaintiff,

v.

PIERCE COUNTY JAIL CLASSIFICATION AND ADMINISTRATION OFFICE, MARK LINDQUIST, G PERO, MASKO, ALEXANDER, C JAMES, T M DONALD, ROBERT M QUILLIAN, BARBARA COREY,

    Defendants.

CASE NO. 3:16-CV-05044-BHS-DWC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Amended Motion to Withdraw as Pro-Se ("Motion"). Dkt. 36.[1]

---

[1] Defendants James, Lindquist, Masko, and Pero filed a Motion to Dismiss, which will be ready for consideration on June 24, 2016. Dkt. 37.

1       On April 15, 2016, Plaintiff filed a motion to appointment of counsel, which the Court
2 denied without prejudice. *See* Dkt. 22, 34. On May 20, 2016, Plaintiff filed the pending Motion
3 renewing his request for court-appointed counsel. Dkt. 22.

4       No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v.*
5 *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*
6 *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is
7 discretionary, not mandatory"). However, in "exceptional circumstances," a district court may
8 appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28
9 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*
10 *grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the
11 Court must evaluate both "the likelihood of success on the merits [and] the ability of the
12 [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."
13 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718
14 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp
15 of his case or the legal issues involved and an inadequate ability to articulate the factual basis of
16 his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

17       In Plaintiff's Motion, he requests the Court appoint attorney Fred Diamondstone to
18 represent him in this case. Dkt. 36. Plaintiff states he is disadvantaged because the Washington
19 Corrections Center ("WCC") librarians are tampering with his incoming and outgoing legal mail,
20 he does not have reasonable access to the law library, and he is being harassed by WCC staff
21 members. *Id.*

22       Plaintiff has not shown, nor does the Court find, this case involves complex facts or law.
23 Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion
24

1 | understandable to the Court. For example, Plaintiff's Amended Complaint sufficiently stated a
2 | claim to survive screening under 28 U.S.C. § 1915A and Plaintiff has clearly articulated his
3 | requests for counsel. *See* Dkt. 13, 18, 22, 36. Further, "Plaintiff's imprisonment, lack of access to
4 | the library, and lack of legal skills are not exceptional circumstances that warrant the
5 | appointment of counsel." *Lloyd v. Powell*, 2010 WL 724671, *1 (W.D. Wash. Mar. 1, 2010);
6 | *Perryman v. Duffy*, 2015 WL 4508742, *4 (E.D. Cal. July 24, 2015) ("limited law library
7 | access[] do[es] not establish exceptional circumstances").  Additionally, Plaintiff has not shown
8 | he is likely to succeed on the merits of his case.
9 |     Accordingly, Plaintiff's Motion is denied without prejudice.
10 |     Dated this 14th day of June, 2016.

David W. Christel
United States Magistrate Judge