UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>            Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY JAIL CLASSIFICATION AND ADMINISTRATION OFFICE, MARK LINDQUIST, G PERO, MASKO, ALEXANDER, C JAMES, T M DONALD, ROBERT M QUILLIAN, BARBARA COREY,<br><br>            Defendant. | CASE NO. 3:16-CV-05044-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 21, 2016 |

      The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Ray Charles Harris, proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this civil rights action on January 15, 2016. Dkt. 1. Presently pending before the Court is Defendant Robert M. Quillian's Motion and Sworn Declaration to Dismiss Pursuant to Federal Rule of Civil Procedure 4(m) ("Motion to Dismiss"). Dkt. 55.

      The Court concludes Defendant Quillian has shown he should not be assessed the cost of personal service. The Court also finds "good cause" for the failure to timely effect service on Defendant Quillian and extends the time for service to July 18, 2016, the date on which

Defendant Quillian was served. Accordingly, the Court recommends the Motion to Dismiss be denied.

## BACKGROUND

On January 15, 2016, Plaintiff initiated this action by filing a Motion for Leave to Proceed IFP and a proposed complaint. Dkt. 1. The Court granted Plaintiff's Motion for Leave to Proceed IFP and ordered Plaintiff to file an amended complaint. Dkt. 8. On March 16, 2016, Plaintiff filed the Amended Complaint, which named Robert Quillian as a Defendant. Dkt. 13. As Plaintiff was granted IFP status, the Court entered an order ("Order Directing Service") on March 28, 2016 directing the Clerk's Office to send Defendant Quillian a copy of the Amended Complaint and a waiver of service of summons form ("waiver of service"). *See* Dkt. 18. The Order Directing Service stated:

> Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.
>
> A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

Id. at p. 2 (emphasis in original). Defendant Quillian did not return the waiver of service.

On June 27, 2016, the Court directed the United States Marshal Service to personally serve Defendant Quillian. Dkt. 47. The Court also ordered Defendant Quillian to show cause why he should not be assessed the cost of personal service. *Id.* Defendant Quillian was personally served on July 18, 2016. *See* Dkt. 56.

1    Defendant Quillian filed the Motion to Dismiss on August 31, 2016,[1] asserting he should
2 be dismissed from this action because "[s]ervice was not made in a timely manner[.]" Dkt. 55, p.
3 2. Plaintiff filed his Response to the Motion to Dismiss on September 6, 2016. Dkt. 59.
4 Defendant Quillian did not file a reply.

**DISCUSSION**

In response to the Court's personal service of Defendant Quillian, Defendant Quillian filed (1) a Sworn Declaration Re: Imposition of Costs of Service, Dkt. 56, and (2) the Motion to Dismiss. Dkt. 55.

**I.    Show Cause Regarding Service Fees**

The Court directed personal service and ordered Defendant Quillian to show cause why he should not be assessed the cost of personal service pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure after he failed to waive service. Dkt. 47. Defendant Quillian submitted an untimely declaration[2] stating he did not receive any documents from the Clerk's Office asking for him to waive personal service in this lawsuit. Dkt. 56. He does not know why the documents were not received by his office, but states his mailbox has been broken into several times over the last six months. *Id.* at p. 2. When he was contacted by the U.S. Marshal's Office regarding service, Defendant Quillian fully cooperated and accepted service. *Id.* As Defendant Quillian did not receive the service packet requesting he waive personal service, the Court finds he has shown

---

[1] Pursuant to the Order Directing Service, "[w]ithin **thirty (30) days** after service, Defendant Quillian shall: (A) file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure; and (B) show cause why he should not be assessed the cost of personal service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure." Dkt. 47, p. 2 (emphasis in original). Defendant Quillian filed a declaration stating he was personally served on July 18, 2016. Dkt. 56. Therefore, his Motion to Dismiss and response to the order to show cause were due by August 17, 2016. As Defendant Quillian did not file the Motion to Dismiss until August 31, 2016, it is untimely. *See* Dkt. 55, 56. Plaintiff, however, does not object to the timeliness of the Motion to Dismiss, and therefore the Court will consider it on the merits.

[2] The response to the Show Cause Order was due August 17, 2016, 30 days after Defendant Quillian was personally served. *See* Dkt. 47, 56. Defendant Quillian did not file his Sworn Declaration Re: Imposition of Costs of Service until August 31, 2016. *See* Dkt. 56.

REPORT AND RECOMMENDATION - 3

good cause for his failure to return the signed waiver of service and will not assess the cost of personal service.

### II. Motion to Dismiss for Untimely Service

Defendant Quillian filed the Motion to Dismiss asserting he should be dismissed from this action because he was not served in a timely manner. Dkt. 55. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

When a court grants a litigant leave to proceed IFP, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d); *see* Fed. R. Civ. P. 4(c)(3) (the Court must order service be made by a United States marshal or deputy marshal if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, [a] plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause within the meaning of Rule 4([m]).'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).

Plaintiff was granted IFP status (Dkt. 6), and at that time, the Court undertook the responsibility to issue and serve all process in this case. The Amended Complaint was filed on March 16, 2016; thus, service had to be completed by June 14, 2016 (within 90 days). *See* Fed. R. Civ. P. 4(m). On March 28, 2016, the Clerk's Office mailed the Amended Complaint and a waiver of service to Defendant Quillian at the address provided by Plaintiff. Defendant Quillian did not return the waiver of service and the service packet was not returned to the Court as undeliverable. On June 27, 2016, after the 90 day service period expired, the Court ordered personal service. Dkt. 47. The U.S. Marshal Service was able to personally serve Defendant Quillian based on the information provided by Plaintiff on July 18, 2016. As Plaintiff provided the necessary information to serve Defendant Quillian, the Court's failure to timely effect service of process is automatically good cause to extend the service deadline. *See Walker*, 14 F.3d at 1422. Therefore, the Court extends the time to serve Defendant Quillian to July 18, 2016, the date on which he was served, and finds he was timely served.

## CONCLUSION

The Court finds "good cause" for the failure to effect timely service on Defendant Quillian and extends the time for service as to Defendant Quillian to July 18, 2016, the date on which he was served. As the time for service is extended to the date Defendant Quillian was served, the Court finds Defendant Quillian was timely served. Accordingly, the Court recommends the Motion to Dismiss be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

1 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October

2 21, 2016, as noted in the caption.

3     Dated this 3rd day of October, 2016.

_____
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6