UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CHARLES HARRIS,

        Plaintiff,

v.

PIERCE COUNTY JAIL CLASSIFICATION AND ADMINISTRATION OFFICE, et al.,

        Defendants.

CASE NO. C16-5044 BHS-DWC

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REREFERING IN PART

This matter comes before the Court on the Report and Recommendations of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 50), and Pero, Masko and James' ("Defendants") objections (Dkt. 52). Having considered Defendants' objections, the Court adopts the Report and Recommendation in part and rerefers in part for the reasons stated herein.

**I. BACKGROUND**

The procedural and factual background is set forth in the Report and Recommendation of the Honorable David W. Christel. Dkt. 50 at 2. On August 10, 2016, Defendants filed objections to the Report and Recommendation. Dkt. 52.

**II. DISCUSSION**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

1  modify the recommended disposition; receive further evidence; or return the matter to the
2  magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

3  **A.    Allegations Supporting a First Amendment Retaliation Claim**

4         Defendants argue that the First Amendment retaliation claims should have been
5  dismissed because (1) Plaintiff failed to cite the First Amendment in his complaint, and
6  (2) his complaint fails to state necessary elements of a First Amendment claim.

7         Although Plaintiff's complaint does not refer to the First Amendment, his
8  complaint clearly implicates his First Amendment rights by alleging that his
9  administrative grievance resulted in a retaliatory denial of access to the law computer.
10 The Court notes (as do Defendants) that "a pro se litigant's pleadings must be read more
11 liberally than pleadings drafted by counsel." Dkt. 52 at 2 (citing *Erickson v. Pardu*, 551
12 U.S. 89, 94 (2007)). Still, "a pro se litigant is not excused from knowing the most basic
13 pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227
14 F.3d 1104, 1107– 08 (9th Cir. 2000). Conclusory allegations of an official's participation
15 in violating civil rights are insufficient to withstand a motion to dismiss. *Davis v. Powell*,
16 901 F. Supp. 2d 1196, 1209 (S.D. Cal. 2012) (citing *Ivey v. Bd. of Regents of the Univ. of*
17 *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). The Court will not dismiss a pro se inmate's
18 complaint containing factual allegations of retaliation on the basis that it does not
19 expressly cite to the First Amendment.

20        The Court also finds that the Report and Recommendation properly found that
21 Plaintiff alleged facts that state a First Amendment retaliation claim. *See* Dkt. 50 at 9.
22

The applicable pleading requirements for a First Amendment retaliation claim are as follows:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). A plaintiff adequately alleges a "chilling effect" by alleging that the adverse action resulted in harm that is more than minimal. *Id.* at 569 n.11. *See also* Dkt. 50 at 8–9.

Plaintiff's allegations are simple. He alleges that (1) Defendant Pero repeatedly caused him to be denied access to the law computer (2) because (3) he filed a grievance in 2014 against Defendant Pero and (4) that the exclusion from the law computer impacted his ability to adequately participate in a pending legal proceeding. Dkt. 13 at 3, 5. Plaintiff does not expressly state that the denial of access to the law computer was arbitrary. Nonetheless, the Court finds that the alleged facts of repeatedly denying a pro se inmate access to legal materials as punishment for filing a grievance supports an inference of arbitrariness. Accordingly, Plaintiff's factual allegations, if proven, are sufficient to allege a plausible claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

**B.     Liability of James and Masko**

Defendants also argue that, even if a First Amendment claim was adequately plead, the claim is only sufficiently alleged against Defendant Pero. Dkt. 52 at 5

1  ("Plaintiffs claim fails to allege that Defendants James and Masko were personally

2  involved in the retaliation."). Judge Christel relied on the allegations of Defendant Pero's

3  conduct when he recommended denying Defendants' motion to dismiss. Dkt. 50 at 9.

4  However, the Report and Recommendation does not address specific allegations against

5  Defendants Masko or James that suggest participation in the retaliation. *Id.* Accordingly,

6  the Court rerefers this matter.

## III. ORDER

Therefore, the Court having considered Defendants' objections, and the remaining record, hereby **ADOPTS in part** and **REREFERS in part** the Report and Recommendation (Dkt. 50)**.** Defendant Lindquist, Pero, Masko, and James's Motion to Dismiss (Dkt. 37) is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff's access to courts and access to grievance process claims are **DISMISSED**.

2. Plaintiff's claim against Defendant Lindquist is **DISMISSED**.

3. Defendants' motion to dismiss (Dkt. 37) is **DENIED** as to Plaintiff's First Amendment retaliation claim against Defendant Pero.

4. The Court **REREFERS** the issue of whether Plaintiff failed to state a First Amendment retaliation claim against Defendants Masko and James.

Dated this 3rd day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge