UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAY CHARLES HARRIS,

        Plaintiff,

v.

G PERO, MASKO, C JAMES, ROBERT M QUILLIAN, BARBARA COREY,

        Defendants.

CASE NO. 3:16-CV-05044-BHS-DWC

ORDER

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is a portion of "Pierce County Defendants' Motion To Dismiss Pursuant To FRCP 12(b)(6)" ("Motion to Dismiss") filed on behalf of Defendants Mark Lindquist, Sergeant G. Pero, Undersheriff Masko, and Lieutenant C. James. Dkt. 37. At issue is whether Plaintiff stated a First Amendment retaliation claim against Defendants Masko and James; all other matters have been resolved. Dkt.

ORDER - 1

1    72. Also pending in this action are Plaintiff Ray Charles Harris's "Related Claim"[1] and "Motion

2    for Leave to File an Amended Complaint" ("Motions to Amend"), and Motion for Appointment

3    of Counsel ("Motion for Counsel"). Dkt. 70, 74, 73.

4          After reviewing the Motion to Dismiss, Motions to Amend, and Motion for Counsel, and

5    relevant record, the Court grants the remaining portion of the Motion to Dismiss (Dkt. 37), but

6    gives Plaintiff leave to amend. As Plaintiff has been given leave to amend, the Motions to

7    Amend (Dkt. 70, 74) are denied as moot. The Court also denies the Motion for Counsel (Dkt.

8    73).

9          **I.     Motion to Dismiss (Dkt. 37)**

10         Defendants Mark Lindquist, Sergeant G. Pero, Undersheriff Masko, and Lieutenant C.

11   James filed a Motion to Dismiss on May 27, 2016. Dkt. 37. The undersigned found Plaintiff had

12   failed to state access to courts and access to grievance process claims and failed to state a claim

13   against Defendant Lindquist, but had stated a retaliation claim against Defendants Pero, Masko,

14   and James. Dkt. 50. The Honorable Benjamin H. Settle, the District Judge assigned to this case,

15   adopted-in-part and re-referred-in-part the Report and Recommendation. Dkt. 72. Judge Settle

16   dismissed Plaintiff's access to courts and access to grievance process claims. *Id.* He also

17   dismissed Defendant Lindquist. *Id*. Judge Settle found Plaintiff stated a retaliation claim against

18   Defendant Pero, but re-referred the issue of whether Plaintiff stated a First Amendment

19   retaliation claim against Defendants Masko and James. *Id*.

20         The re-referred issue of whether Plaintiff stated a retaliation claim against Defendants

21   Masko and James became ready for the Court's consideration on November 25, 2016. *See*

22   Docket at November 3, 2016. No other portion of the Motion to Dismiss remains. *See* Dkt. 72.

---

[1] The Clerk's Office docketed, and this Court interprets, the "Related Claim" as a Motion to Amend. *See* Dkt. 70.

ORDER - 2

A. <u>Standard of Review</u>

A motion to dismiss can be granted only if Plaintiff's Amended Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

B.  Factual Allegations

In the Amended Complaint, Plaintiff alleges he filed a grievance against Defendant Pero in 2014. Dkt. 13, p. 3. Plaintiff states Defendant Pero retaliated against him by denying him access to the law computers. *Id*. Plaintiff contends he grieved the retaliation to Defendant James, who refused to address the matter. *Id*. Defendants Masko, James, and Pero allegedly violated Plaintiff's constitutional rights "by ignoring [his] complaints and denying access to the law computer[.]" *Id*.

C.  Legal Standard

To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983). In order to establish a retaliation claim, an inmate must show: (1) a state actor took some adverse action against the inmate; (2) because the inmate engaged in constitutionally protected conduct; (3) the adverse action chilled the inmate's exercise of First Amendment rights; and (4) the adverse action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005).

D.  Analysis

Plaintiff has failed to allege facts showing Defendant Masko was involved in the alleged retaliation. *See* Dkt. 13. Plaintiff alleged, in a conclusory manner, Defendant Masko ignored

Plaintiff's complaints and denied him access to the law computer. *Id*. at p. 3. The Amended Complaint includes no facts showing Defendant Masko took an adverse action against Plaintiff because Plaintiff engaged in constitutionally protected speech. Therefore, Plaintiff has not alleged facts sufficient to show Defendant Masko retaliated against him.

Plaintiff has also failed to state a claim of retaliation as to Defendant James. Plaintiff alleges Defendant James refused to respond to Plaintiff's grievances regarding Defendant Pero's retaliation. *Id*. Plaintiff, however, does not allege Defendant James "ignored" Plaintiff's grievances out of retaliation for Plaintiff filing a grievance against Defendant Pero. Therefore, Plaintiff has failed to allege sufficient facts to show Defendant James retaliated against Plaintiff.

E.  Conclusion

Plaintiff has failed to allege facts sufficient to show Defendants Masko and James retaliated against Plaintiff for filing a grievance against Defendant Pero. However, Plaintiff may be able to overcome the deficiencies of the Amended Complaint and state a First Amendment retaliation claim against Defendants Masko and James if he is given an opportunity to amend the Amended Complaint. *See Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987) (The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment."). Accordingly, the Court grants the Motion to Dismiss as to the sole remaining claim of whether Plaintiff stated a First Amendment retaliation claim against Defendants Masko and James, but gives Plaintiff leave to amend to attempt to cure the deficiencies of his Amended Complaint.[2]

---

[2] The dismissal of claims with leave to amend is a non-dispositive matter. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).Therefore, in the interest of judicial efficiency and because the Court is granting leave to amend, the Court enters an order granting the remaining portion of the Motion to Dismiss, not a Report and

F.  Instructions to Plaintiff

The Court orders Plaintiff to file a second amended complaint on or before January 9, 2017. Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Complaint or Amended Complaint by reference. The second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. As such, Plaintiff must re-allege all claims he wishes to pursue in this lawsuit in the second amended complaint. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

In the second amended complaint, Plaintiff may not re-allege claims or name Defendants previously dismissed from this action. For example, Mark Lindquist has been dismissed from this action based on prosecutorial immunity. *See* Dkt. 50, 72. Therefore, Plaintiff may not allege claims against Mark Lindquist in the second amended complaint. Further, Plaintiff's access to courts and access to grievance process claims have been dismissed from this action and may not be re-alleged in the second amended complaint.

Plaintiff may remove Defendants from this action. For example, Defendants Robert Quillian and Barbara Corey, who were Plaintiff's defense attorneys during his criminal trial, are not state actors and therefore not liable under §1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a

---

Recommendation. *See Hopkins v. Washington State Special Commitment Center Chief Medical Director*, 2016 WL 3364933 (W.D. Wash. June 17, 2016) (finding dismissal with leave to amend is non-dispositive and considering objections under Federal Rule of Civil Procedure 72(a)).

state actor 'under color of state law' within the meaning of § 1983"). Therefore, the second amended complaint should not allege claims against Defendants Quillian and Corey.

Any new claims raised in the second amended complaint must relate to the retaliation claim alleged in the Amended Complaint. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U .S.C. § 1915(g)). Thus, Plaintiff may not change the nature of his suit by adding new, unrelated claims in his second amended complaint. *Id*. (no "buckshot" complaints).

Failure to file a second amended complaint by January 9, 2017 will result in the Court recommending dismissal of Defendants Masko and James from this action.

**II.      Motions to Amend (Dkt. 70, 74)**

On October 27, 2016 and November 15, 2016, Plaintiff filed the Motions to Amend requesting permission to file an amended complaint. Dkt. 70, 74. As the Court has granted Plaintiff leave to file a second amended complaint, Plaintiff's Motions to Amend are denied as moot. The Court notes, however, the claims alleged in the proposed amended complaint are unrelated to the claims alleged in the Amended Complaint. *See* Dkt. 13, 74-1. In the Amended Complaint, Plaintiff alleges he was denied access to the courts and was retaliated against for filing a 2014 grievance complaining about Defendant Pero. Dkt. 13. Plaintiff now seeks to add retaliation claims against individuals not named in the Amended Complaint based on the filing of this lawsuit. *See* Dkt. 74-1. As discussed above, Plaintiff may not add claims unrelated to the

Amended Complaint in his second amended complaint. *See* Section I(F), *supra*. If Plaintiff wishes to pursue unrelated claims, he may file a separate § 1983 lawsuit.

### III. Motion for Counsel (Dkt. 73)

On November 15, 2016, Plaintiff filed the Motion for Counsel, which is his third request for Court-appointed counsel. Dkt. 73.[3] No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Motion, he states he is unable to afford counsel and his imprisonment greatly limits his ability to litigate this case. Dkt. 73. Plaintiff maintains he has limited access to

---

[3] On April 15, 2016, Plaintiff filed a motion for appointment of counsel, which the Court denied without prejudice. *See* Dkt. 22, 34. Plaintiff filed a second motion requesting the appointment of counsel, which was denied without prejudice on June 14, 2016. *See* Dkt. 36, 45.

1  the law library, the issues in his case are complex and will require significant research, and
2  counsel would better enable Plaintiff to present evidence and cross-examine witnesses. *Id*.
3        Plaintiff has not shown, nor does the Court find, this case involves complex facts or law.
4  Plaintiff has also not shown he is likely to succeed on the merits of this case or shown an
5  inability to articulate the factual basis of his claims in a fashion understandable to the Court. For
6  example, Plaintiff sufficiently stated a claim in the Amended Complaint to survive screening
7  under 28 U.S.C. § 1915A, clearly articulated his requests for counsel, and defended a motion to
8  dismiss. *See* Dkt. 13, 18, 22, 36, 46, 50, 72. Further, "Plaintiff's imprisonment, lack of access to
9  the library, and lack of legal skills are not exceptional circumstances that warrant the
10 appointment of counsel." *Lloyd v. Powell*, 2010 WL 724671, *1 (W.D. Wash. Mar. 1, 2010);
11 *Perryman v. Duffy*, 2015 WL 4508742, *4 (E.D. Cal. July 24, 2015) ("limited law library
12 access[] do[es] not establish exceptional circumstances"). Accordingly, Plaintiff's Motion for
13 Counsel (Dkt. 73) is denied without prejudice.

14     **IV.**   **Conclusion**

15       Based on the foregoing reasons, the remaining matter in the Motion to Dismiss, whether
16 Plaintiff stated a First Amendment retaliation claim against Defendants Masko and James, is
17 granted and Plaintiff is given leave to amend his Amended Complaint. The second amended
18 complaint must be filed on or before January 9, 2017. The Motions to Amend (Dkt. 70, 74) are
19 denied as moot and the Motion for Counsel (Dkt. 73) is denied without prejudice.
20       The Court notes a scheduling order has not been entered in this case and Defendants
21 Quillian and Pero have not entered answers following the resolution of their Motions to Dismiss.
22 The Court will direct Defendants to file an answer or other responsive pleading after screening
23 the second amended complaint. The Clerk is directed to provide Plaintiff the appropriate forms
24

1  for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to provide

2  copies of this Order to Plaintiff.

3        Dated this 9th day of December, 2016.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge