UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>               Plaintiff,<br><br>   v.<br><br>C. JAMES, et al.,<br><br>               Defendants. | CASE NO. C16-5044 BHS-DWC<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 98), and Plaintiff Ray Charles Harris's objections to the R&R (Dkt. 9). Having reviewed the R&R, the parties' pleadings, and the remainder of the record, the Court adopts the R&R.

On January 15, 2017, Plaintiff, a pretrial detainee housed at Pierce County Jail during the relevant time, commenced this lawsuit by filing a motion to proceed *in forma pauperis*. Dkt. 1. On February 8, 2016, Judge Christel granted Plaintiff's motion and the Plaintiff's complaint was filed. Dkt. 6.

On February 16, 2016, Judge Christel reviewed Plaintiff's first complaint and entered an order to show cause or amend pleading deficiencies. Dkt. 8. On March 16,

ORDER - 1

2016, Plaintiff filed an amended complaint, attempting to cure the original complaint's deficiencies. Dkt. 13.

On May 27, 2016, Defendants moved to dismiss Plaintiff's amended complaint. Dkt. 37. Judge Christel recommended that the Court grant the motion to dismiss in part but deny it as to Plaintiff's First Amendment retaliation claim. Dkt. 50. The Court adopted that recommendation in part but re-referred it in part for Judge Christel to assess whether Plaintiff's First Amendment retaliation claim was adequately stated against Defendants Masko and James. Dkt. 72.

Upon re-referral, Judge Christel granted Plaintiff leave to file a second amended complaint. Dkt. 76. In his order, Judge Christel gave Plaintiff clear instructions on how to appropriately amend and cure his complaint. *See id.* at 6–7.

On December 20, 2017, Plaintiff filed his second amended complaint. Dkt. 77. On January 26, 2017, Defendants again moved to dismiss. Dkt. 82. On March 3, 2017, Judge Christel entered a report and recommendation that the remaining claims in the second amended complaint be dismissed without leave to amend. Dkt. 86. On March 14, 2017, Plaintiff objected. Dkt. 87. In his objections, while conceding that his second amended complaint failed to contain sufficient factual allegations to state claims for relief, Plaintiff argued that he should be allowed leave to amend. *Id.* Specifically, Plaintiff argued that he had misunderstood Judge Christel's prior order and that leave to amend would allow him to correct the deficiencies in his complaint. *Id.* The Court adopted the report and recommendation in its substantive analysis justifying dismissal but denied it in part and re-referred it with leave to file his proposed third amended complaint. Dkt. 92.

On May 5, 2017, having reviewed Plaintiff's third amended complaint, Judge Christel entered another order noting that Plaintiff had still failed to cure the deficiencies in his complaint and requiring Plaintiff to show cause or file an adequately pled fourth amended complaint by June 5, 2017. Dkt. 95.

On May 16, 2017, Plaintiff filed his fourth amended complaint. Dkt. 96. On June 5, 2017, after reviewing the fourth amended complaint, Judge Christel entered the present R&R, recommending the dismissal of Plaintiff's claims against Defendants Corey, Kawamura, Quillian, Masko, and Pero. Dkt. 98. Citing the numerous opportunities that Plaintiff had been given to amend those claims, Judge Christel recommended dismissing them without leave to amend. *Id.* at 10–11. On June 13, 2017, Plaintiff objected to the R&R. Dkt. 100.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

As he has done previously, Defendant does not object to the dismissal of his complaint for failure to state a viable claim, but instead argues that he should be granted leave to amend. "The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986). Plaintiff has repeatedly been instructed regarding the deficiencies of his complaint and has repeatedly failed to cure them. These repeated failures show that it

would be futile to grant Plaintiff leave to file a fifth amended complaint. Moreover, even if the Court were to entertain the prospect of allowing a fifth amended complaint, Plaintiff has failed to provide any argument or explanation on how further amendment would cure his deficient claims.

Accordingly, having considered the R&R, Plaintiff's objections, and the remaining record, the Court hereby **DENIES** Plaintiff's objections (Dkt. 100) and **ORDERS** as follows:

(1) The R&R (Dkt. 98) is **ADOPTED**;

(2) Plaintiff's claims against Defendants Corey, Kawamura, Quillian, Masko, and Pero are **DISMISSED without leave to amend**; and

(3) Defendant James shall file an answer or other responsive pleading to the fourth amended complaint within twenty-one (21) days from the entry of this order.

Dated this 12th day of July, 2017.

BENJAMIN H. SETTLE
United States District Judge