1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                             AT TACOMA
7

8   RAY CHARLES HARRIS,                    CASE NO. C16-5044 BHS-DWC

                             Plaintiff,    ORDER ADOPTING REPORT
9        v.                                AND RECOMMENDATION

10  PIERCE COUNTY JAIL
    CLASSIFICATION AND
11  ADMINISTRATION OFFICE, et al.,

12                           Defendants.

13

14       This matter comes before the Court on the Report and Recommendation ("R&R")

15  of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 110), and

16  Defendant James's objections to the R&R (Dkt. 112).

17       On May 16, 2017, Plaintiff filed his fourth amended complaint. Dkt. 96. On June

18  5, 2017, pursuant to 28 U.S.C. § 1915A, Judge Christel recommended the dismissal of

19  Plaintiff's claims against all defendants except Defendant James. Dkt. 98. On July 12,

20  2017, the Court adopted Judge Christel's recommendation. Dkt. 101.

21       On August 2, 2017, Defendant James moved to dismiss Plaintiff's remaining

22  claims. Dkt. 104. On September 21, 2017, Judge Christel entered the R&R wherein he

recommended the dismissal of all claims against Defendant James except a § 1983 claim predicated on an alleged violation of the First Amendment. Dkt. 110. On October 5, 2017, Defendant James objected to the R&R. Dkt. 112. On October 17, 2017, Plaintiff responded to the objections. Dkt. 113.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Defendant James objects to the R&R on the basis that the fourth amended complaint does not expressly assert that Defendant James violated the First Amendment. Dkt. 112. Indeed, in the claims section of the fourth amended complaint, Plaintiff states only that the allegations "against Defendant Corey and Defendant [sic] Corey, Kawamura, and Duillian . . . constitutes [sic] a violation of the Plaintiff's First Amendment rights of the United States Constitution." Dkt. 96 at 10. Therefore, strictly construing the claims section, it would be appropriate to conclude that Plaintiff does not assert a First Amendment violation against Defendant James.

However, the Court is required to liberally construe Plaintiff's complaint. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved."). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Doing so, it is clear that Plaintiff's complaint asserts a § 1983 claim against Defendant James for allegedly retaliating against him in light of his previous grievances. Dkt. 96 at 7–8. While Plaintiff's complaint fails to expressly reference the First Amendment when complaining of Defendant James's alleged retaliation, it is sufficient that Plaintiff has alleged retaliation by Defendant James while also claiming that his First Amendment rights were violated.

Defendant James also points out that, in reaching its conclusion that Plaintiff's First Amendment claim should not be dismissed, the R&R relies on an order that was predicated on a now inoperative complaint. While the former complaint addressed in the previous order is now inoperative, it was predicated on factual allegations that are similarly present in the operative fourth amended complaint. *See* Dkt. 98 at 8–9; Dkt. 96 at 7–8. Accordingly, the same reasoning that applied in the Court's previous order applies to the allegations of the now operative fourth amended complaint.

Accordingly, having considered Defendant James's objections and the remaining record, the R&R (Dkt. 110) is **ADOPTED**.

**IT IS SO ORDERED**.

Dated this 9th day of November, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge