UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>            Plaintiff,<br><br>      v.<br><br>C. JAMES,<br><br>            Defendant. | CASE NO. 3:16-cv-05044-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 31, 2018 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Defendant James's Motion for Summary Judgment ("Motion"). Dkt. 123.

Plaintiff Ray Charles Harris's single remaining claim in this case is that Defendant James retaliated against him when she failed to provide him with a grievance form. However, Plaintiff has not provided significant, probative evidence showing that her motive when she denied him the grievance form was in retaliation to his alleged constitutionally protected conduct. Therefore, the Court recommends Defendants' Motion be granted and Plaintiff's action dismissed.

## I.   Background

Plaintiff filed his first Complaint in this case on January 25, 2016. Dkt. 1. After the Court screened the Complaint, the Court filed an Order to Show Cause or Amend (Dkt. 8), and Plaintiff filed an Amended Complaint on March 16, 2016 (Dkt. 13). Defendants filed a Motion to Dismiss (Dkt. 37), which the Court recommended be granted as to all claims but the First Amendment retaliation claim (Dkt. 50). The Honorable Benjamin H. Settle adopted the Court's recommendation in part and re-referred the case to the undersigned magistrate judge (Dkt. 72), who provided Plaintiff leave to file a Second Amended Complaint (Dkt. 76).

Plaintiff filed his Second Amended Complaint on December 20, 2016 (Dkt. 77), and Defendants again filed a Motion to Dismiss (Dkt. 78). The Court recommended the Motion to Dismiss be granted (Dkt. 86), and Judge Settle again adopted that recommendation in part, dismissing Plaintiff's action with leave to amend (Dkt. 92).

Plaintiff filed his Third Amended Complaint on April 25, 2017 (Dkt. 91), which the Court rejected, allowing Plaintiff to file a Fourth Amended Complaint (Dkt. 95).

Plaintiff filed his Fourth Amended Complaint on May 16, 2017. Dkt. 96. The Court recommended that all Defendants be dismissed except Defendant James. Dkt. 98. Judge Settle adopted that recommendation. Dkt. 101. On August 2, 2017, Defendant James filed a Motion to Dismiss (Dkt. 104), and the Court recommended granting the Motion to Dismiss as to all claims except the first amendment retaliation claim. Dkt. 110. Judge Settle also adopted that recommendation (Dkt. 114), and so the only issue now pending in this case is whether Defendant James unconstitutionally retaliated against Plaintiff when she allegedly denied him access to

grievance forms after Plaintiff filed kites[1] and grievances complaining of mistreatment by Former-Defendant Pero.

## II. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery

---

[1] As explained in Defendant's declaration, a "kite" is a small paper request form supplied in every housing unit, used by inmates "to write a request to obtain information, ask for assistance or make special requests." Dkt. 124, p. 2. It is distinct from a grievance form, which may be submitted if a prisoner believes the response to the kite is insufficient. *Id*.

REPORT AND RECOMMENDATION - 3

materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

### III. Discussion

The sole surviving claim in Plaintiff's action is a claim of retaliation by Defendant James in response to Plaintiff's protected First Amendment right to petition the government for a redress of grievances. To prevail on a First Amendment retaliation claim, a plaintiff must prove

the defendant retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

To determine whether a defendant's actions were "because of" a prisoner's protected conduct, the Court may examine either direct or circumstantial evidence, including the timing of the alleged adverse action, a defendant's expressed opposition to Plaintiff's speech, or "other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual." *McCollum v. California Dep't of Corr. and Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (quoting *Allen v. Iranon*, 283 F.3d 1070, 1077 (9th Cir. 2002)). However, under *Wood v. Yordy*, "[m]ere speculation that defendants acted out of retaliation is not sufficient." 753 F.3d 899, 905 (9th Cir. 2014). In *Wood*, a prisoner alleged prison officials were retaliating against him for winning on an appeal, and produced evidence of isolated statements of dislike from prison staff and a memo stating "we cannot make it appear that an inmate can win." *Id*. at 901, 904. The Ninth Circuit held even that did not raise the prisoner's claims above the speculative level. *Id*. at 905.

Plaintiff alleges Defendant James committed an adverse action against Plaintiff when she allegedly denied his request for a grievance form and when she encouraged other staff members

to similarly deny Plaintiff access to grievance forms. Dkt. 96, pp. 7-8. He alleges this denial came after he had submitted several "kites" to Defendant James about Former-Defendant Pero's behavior. *Id*. He states this denial was in retaliation for the complaints Plaintiff had filed, and supports this assertion by stating "Defendant James . . . advised the Plaintiff that 'we stick together in this jail.'" *Id*. at p. 8. He has provided nothing more to support his assertion that this alleged adverse action was because of Plaintiff's underlying protected conduct.

Even if Defendant James's alleged action in denying a grievance form constitutes an adverse action, Plaintiff has not provided enough to prove Defendant James acted *because of* Plaintiff's actions.  Plaintiff has not provided the kites in which he allegedly complains about prison staff's actions, nor the alleged grievances he filed complaining of mistreatment. All he has produced is his own self-serving statement that he told Defendant James he was unhappy with his treatment and that Defendant James refused to provide a grievance form thereafter. Dkt. 96, pp. 7-8. In contrast, Defendant James has submitted evidence she received only one kite from Plaintiff, and the issue in that kite had been resolved. Dkt. 123-3. In that kite, Plaintiff asked why staff were "ignoring [P]laintiff's request for a grievance form," and Defendant James responded that she had contacted the deputy and confirmed "the copies [Plaintiff] requested were completed" two days after Plaintiff filed his kite. *Id*. Defendant James states she did not receive any other kites and there is no evidence that Plaintiff filed any. Further, this single kite does not name any staff by name, undermining Plaintiff's allegation that Defendant James retaliated because of "several complaints" he provided regarding Former-Defendant Pero's conduct. Thus, Plaintiff's allegation that Defendant James denied him a grievance form because of his alleged complaints, unsupported by any actual evidence, does not rise above mere speculation, and

1 "[m]ere speculation that defendants acted out of retaliation is not sufficient." *Wood*, 753 F.3d at 905.

Because plaintiff has not produced "significant probative evidence" of retaliation, he has not provided anything more than conclusory allegations as to Defendant James's alleged retaliatory motive in denying him a grievance form. Therefore, the Court recommends Defendants' Motion (Dkt. 123) be granted and Defendant James dismissed.

### IV.  Conclusion

Based on the foregoing, the Court concludes Plaintiff has failed to provide significant, probative evidence that Defendant James was actually motivated by Plaintiff's protected conduct when she allegedly declined to provide Plaintiff a grievance form. Accordingly, the Court recommends Defendant James's Motion (Dkt. 123) be granted and Defendant James dismissed. Because Defendant James is the last remaining Defendant in this case, the Court further recommends Plaintiff's action be dismissed in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 31, 2018, as noted in the caption.

Dated this 15th day of August, 2018.

David W. Christel
United States Magistrate Judge