UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAY CHARLES HARRIS,<br><br>             Plaintiff,<br><br>   v.<br><br>C. JAMES,<br><br>             Defendant. | CASE NO. C16-5044 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 129), and Plaintiff Ray Charles Harris's ("Harris") objections to the R&R (Dkt. 131).

On August 15, 2018, Judge Christel issued the R&R recommending that the Court grant Defendant James's ("James") motion for summary judgment on Harris's claim for retaliation in violation of his First Amendment rights. Dkt. 129. On August 26, 2018, Harris filed objections. Dkt. 131. On September 9, 2018, James responded. Dkt. 135.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Harris objects arguing that relevant documents were improperly confiscated when he was transferred between institutions and therefore a Rule 56(d) continuance is appropriate. Dkt. 131. James counters that, even if jail staff confiscated Harris's box of grievances, the particular institution would have a record of any grievance that Harris filed. Dkt. 135. Absent such a record of Harris's filings, it would be immaterial to his retaliation claim how many unfiled grievances were in Harris's possession because Harris's claim is based on James's alleged retaliation in response to numerous grievances that Harris allegedly filed. Moreover, Harris had years of discovery to request records regarding the grievances that he allegedly filed, and he fails to show that any additional discovery would be fruitful. Therefore, the Court denies Harris's request for a Rule 56(d) continuance. *See California Union Ins. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (Rule 56(d) movant must show that (1) he diligently pursued previous discovery opportunities, and (2) additional discovery would have precluded summary judgment).

Regarding the merits based on the current record, Harris fails to show any error in the R&R. Therefore, the Court having considered the R&R, Harris's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) James's motion for summary judgment, Dkt. 123, is **GRANTED**;

(3) Harris's motion for appointment of counsel, Dkt. 130, is **DENIED as moot**;

(4) Harris's *in forma pauperis* status is **REVOKED**; and

(5) The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 3rd day of October, 2018.

BENJAMIN H. SETTLE
United States District Judge